UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GULFSIDE RESORTS, INC.

        **Plaintiff,**        Case No.:

v.

STANDARD FIRE INSURANCE CO.,

        **Defendant.**
_____/

## COMPLAINT

Plaintiff, Gulfside Resorts, Inc., by and through their undersigned attorney, files this Complaint against Defendant, Standard Fire Insurance Co. ("Standard"), and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C §4072 (2014) because this matter involves a contract of insurance that was issued pursuant to the National Flood Insurance Act of 1968.

2. Venue of this action is proper in the United States District Court for the Northern District of Florida, Pensacola Division, pursuant to 28 U.S.C. § 1391(b), 28 U.S.C. § 1391(c), and 42 U.S.C §4072 (2014).

3. At all times material, Plaintiff owned property located at 701 N. Tarragona Street, Pensacola, Escambia County, Florida.

4. Standard is a foreign for-profit private insurance corporation, authorized, licensed, and registered to issue flood insurance contracts in Pensacola, Escambia County, Florida.

5. Standard is a "Write Your Own" ("WYP") insurance company meaning that it is a private insurer authorized by the Federal Emergency Management Agency ("FEMA") to provide standard flood insurance policies in its own name.

6. Federal Code of Regulations 42 C.F.R. 62.23 permits Plaintiff to initiate this action against the WYO insurance company directly in place of the Director of FEMA.

## GENERAL ALLEGATIONS

7. Standard, pursuant to the National Flood Insurance Program, issued a standard flood insurance policy to the Plaintiff with effective dates of coverage from July 3, 2013 through July 4, 2014 (hereinafter referred to as the "insurance policy"). The insurance policy bears policy number 60102376162013. A true and correct copy of the declaration sheet and Standard Flood Insurance Policy, General Property Form, are attached hereto as **Exhibit "1"**.

8. Standard charged and collected a premium for the issuance of the insurance policy.

9. The policy, subject to its terms, conditions and, exclusions, provided insurance coverage for damage to Plaintiff's building and business contents caused by an unusual and rapid accumulation or runoff of surface waters from any source (definition of "flood").

10. On April 29, 2014, Pensacola, Escambia County, Florida experienced a torrential rain resulting in over 20 inches of rainfall in a short period of time. Plaintiff's building and business contents was damaged by flood.

11. As a result of the torrential rain, Plaintiff's building and business contents located at 701 N. Tarragona Street, Pensacola, Escambia County, Florida, as defined in the policy, sustained flood damage such that certain building damage and damaged business contents required repair and/or replacement.

12. The damage to Plaintiff's building and business contents caused by the torrential rain event on April 29, 2014 is a covered loss under the insurance policy.

13. On June 19, 2014, Plaintiff submitted a Proof of Loss to Defendant for damage to Plaintiff's building and business contents.

14. On August 13, 2014, Standard issued a Denial Letter denying Plaintiff's business contents claim.

15. Standard has failed to compensate Plaintiff for covered loss to its business contents.

16. Plaintiff has met all conditions precedent to bringing this action.

## COUNT I
## BREACH OF CONTRACT

17. Plaintiff realleges and incorporates paragraphs 1 through 16 above as if fully set forth herein.

18. This is an action for damages as a result of a breach of an insurance contract.

19. Defendant materially breached the insurance contract by failing to pay for certain losses incurred by Plaintiff as a direct result of a peril covered under the policy.

20. Plaintiff has been damaged by Standard in that Standard has failed to reimburse Plaintiff for its monetary losses which are covered by the insurance policy.

21. Plaintiff has hired the undersigned law firm to pursue its flood claim and is obligated to pay the firm a reasonable fee for its legal services.

22. Plaintiff is entitled to recover its attorneys fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(b) to the extent Standard is an agency of the United States of America.

WHEREFORE, Plaintiff respectfully requests this Court enter a final judgment in its favor against Standard Fire Insurance Co. awarding monetary damages, including but not limited to compensation for insured losses, pre-judgment interest, post-judgment interest, attorneys fees, and taxable litigation costs.

/s/ Jason W. Peterson
JASON W. PETERSON
Florida Bar No. 174701
jpeterson@cphlaw.com
Clark, Partington, Hart, Larry,
Bond & Stackhouse
Suite 800, 125 West Romana Street (32502)
P.O. Box 13010
Pensacola, FL 32591-3010
Ph. (850) 434-9200
Fx. (850) 432-7340
Counsel for Plaintiff